## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **ABRAR OMEISH**, | Case No. |
| Plaintiff, | |
| | Hon.: |
| v. | Magistrate |
| **SHERIFF STACEY ANN KINCAID**, Sheriff, Fairfax County, in her official capacity, only; | **COMPLAINT AND JURY DEMAND** |
| **OFFICER J. PATRICK**, Fairfax County Police Department, in his individual capacity, only; and, | |
| Defendants. | |

### Complaint

Plaintiff **ABRAR OMEISH**, by and through her attorneys, CAIR Legal Defense Fund ("CAIR"), brings this action against Defendants **SHERIFF STACEY ANN KINCAID, Fairfax County Police Department and OFFICER J. PATRICK** for violations of the First and Fourteenth Amendments to the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, pursuant to 28 U.S.C. § 1331, and states as follows:

### Introduction

1.     Abrar Omeish is a lifelong resident of Fairfax County. She is one of three at-large members on the Fairfax County School Board, representing the county's 1.2 million residents from all nine districts. She entered her term with over 161,000 county votes as the

youngest ever elected to this role.

2.      On March 5, 2019, Defendant J. Patrick of the Fairfax County Police Department ("FCPD") pulled Ms. Omeish over for turning right at a red light—a traffic infraction. In the wake of this traffic stop, Defendant J. Patrick and other FCPD officers inflicted a cascading set of injuries against Ms. Omeish.

3.      Defendant Patrick pepper sprayed her at point blank range as she sat in her car even though, as an internal investigation would later conclude, she clearly posed no threat of harm. After Defendant Patrick maced her, he ripped Ms. Omeish out of her car and handcuffed her, before other FCPD officers assaulted her and whisked her to jail where her rights were once again senselessly violated.

4.       At the jail, Defendant Fairfax County Sheriff's Office and FCPD officers, including Defendant Patrick, forced Ms. Omeish to remove her hijab—against her will and after repeated protestations that she wore the scarf in accordance with her faith—in plain view of the many male officers and detainees. Defendant Kincaid's officers, with the help of FCPD officers, then photographed Ms. Omeish without her hijab and uploaded that photograph to a statewide database that is accessible to all law enforcement agencies in Virginia as well as members of the public who request images contained in the database.

5.      By photographing Ms. Omeish without her hijab and uploading that photograph to a database, Defendant Kincaid memorialized the violation of Ms. Omeish's rights under the Religious Land Use and Institutionalized Persons Act in a manner that perpetuates the RLUIPA violation that began on March 5, 2019 but continues to this day. This action aims to remove Ms. Omeish's image from this database and require Defendant Kincaid to adopt RLUIPA-compliant photographing practices. It also aims to hold Defendant

Patrick responsible for his outrageous use of excessive use of force against Ms. Omeish as she sat in her car during a minor traffic stop.

## Jurisdiction and Venue

6. This Court has original federal question jurisdiction over Plaintiff's claims of violations of the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc et seq., pursuant to 28 U.S.C. § 1331.

7. This Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1343 over Plaintiff's claims regarding the deprivation under color of state law of rights secured by the First and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

8. This Court has federal question jurisdiction over Plaintiff's claims of violations of her rights against excessive force secured by the Fourth Amendment to the United States Constitution.

9. This Court has personal jurisdiction over Defendants because Defendants reside and conduct business in the State of Virginia.

10. This Court has jurisdiction over Plaintiff's constitutional claims pursuant to 42 U.S.C. § 1983.

11. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1343, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general, legal, and equitable powers of this Court.

12. Plaintiff's claims for attorneys' fees and costs are predicated upon 42 U.S.C. §§ 1988 and 2000cc-2(d), which authorize the award of attorneys' fees and costs to prevailing parties, pursuant to 42 U.S.C. § 1983 and RLUIPA.

13. Venue is proper under 42 U.S.C. § 1391 as to all Defendants because Defendants operate within the geographical boundaries of the State of Virginia, and the substantial part of the acts described herein occurred within this District.

### Plaintiff

14. Plaintiff, Abrar Omeish, is a Muslim resident of Fairfax County, Virginia, who was pepper-sprayed, arrested, and denied the ability to wear a hijab in custody after an officer stopped her vehicle for making a right turn at a red light.

### Defendant Sued in Official Capacity, Only

15. Defendant Kincaid is the county official that leads Fairfax County Sheriff's Office, a municipal corporation, duly organized, and carrying on governmental functions in Fairfax County. Defendant Kincaid is responsible for establishing policies, practices, and customs for the Fairfax County Sheriff's Office, including the processing of detainees in her custody. Defendant Kincaid's principal office is located at 4100 Chain Bridge Road, Fairfax, VA 22030, where Defendant processes Fairfax County custodial bookings. Defendant Kincaid is being sued in her official capacity, only.

### Defendants Sued in Official Individual Capacities, Only

16. Defendant J. Patrick is a Police Officer at the Fairfax County Police Department. Defendant Patrick unlawfully and maliciously pepper-sprayed and arrested Plaintiff for turning right at a red light. Defendant is being sued in his individual capacity, only.

### Nature of this Action

17. This is an action for declaratory and injunctive relief arising under the First and Fourteenth Amendments to the Constitution of the United States, the Religious Land Use

and Institutionalized Persons Act of 2000 ("RLUIPA"), and 42 U.S.C. § 1983. Plaintiff seek costs and attorneys' fees under 42 U.S.C. § 1988.

18.     Fairfax County Sheriff's Office is an "institution" within the meaning of 42 U.S.C. § 2000cc-1(a) and 42 U.S.C. § 1997.

19.     Defendant Fairfax County Sheriff's Office willfully violated Ms. Omeish's rights under the First and Fourteenth Amendments to the Constitution of the United States and RLUIPA denied her the ability to wear her hijab while in custody in accordance with her sincerely-held religious belief.

20.     Defendant Patrick willfully violated Ms. Omeish's right under the Fourth and Fourteenth Amendments to the Constitution of the United States when they unlawfully pepper-sprayed and arrested Plaintiff.

## Factual Background

21.     Abrar Omeish is a Muslim woman who wears a hijab in public and with her face completely visible.[1] The wearing of hijab is central to Ms. Omeish's faith.

22.     Ms. Omeish's faith requires her to wear hijab at all times when she is in mixed gendered spaces outside of her immediate family.  Ms. Omeish's religious beliefs are deeply rooted in Islamic texts and teachings. Her hijab is a pillar of her religious practice and integral to her identity as a Muslim woman.

23.     Appearing in public without hijab or being photographed without wearing hijab and having that photo available to the public is a serious breach of Ms. Omeish's faith

---

[1] Hijab is a headscarf Muslim women wear in order to cover their hair and neck when they are in public places. It is an expression of modesty and a visible manifestation of their faith.

and a deeply humiliating and defiling experience in conflict with her sincerely-held religious beliefs. Ms. Omeish has not been in public without her hijab since she was a young child.

24.     On March 5, 2019, Ms. Omeish was driving to a campaign event in support of her candidacy for Fairfax County School Board. On her way to the campaign event, Defendant Patrick of the Fairfax County Police Department stopped Ms. Omeish near the intersection of Gallows Road and Columbia Pike. In accordance with her religious beliefs, Ms. Omeish was wearing hijab when she was pulled over.

25.     Defendant Patrick approached Ms. Omeish's vehicle and demanded her driver's license and vehicle registration, claiming that she failed to stop before turning right at a red traffic light.

26.     Ms. Omeish inquired about why she had been pulled over and calmly expressed her view to Patrick that the traffic stop was unwarranted.

27.     In response, Defendant Patrick became aggressive, demanding that Ms. Omeish either provide her license and registration or he would take her into custody.

28.     Ms. Omeish communicated to Defendant Patrick that he did not have to talk to her in such an aggressive manner.

29.     Defendant Patrick then began repeatedly yelling at Ms. Omeish to get out of her car, unholstered his pepper spray, and pointed it at Ms. Omeish's face.

30.     Ms. Omeish responded by stating, over and over again, that she would give Defendant Patrick her license and registration.

31.     Defendant Patrick ignored Ms. Omeish's pleas to deescalate the situation and allow her to provide him with her license and registration. Instead, he grabbed Ms. Omeish, attempting to forcibly remove her from her car.

32.     Nonetheless, Defendant Patrick continued his attempts to force Ms. Omeish out of her car.

33.     Shaking and fearing for her safety, Ms. Omeish attempted to record Defendant Patrick's use of force with her cellphone, while continuing to state she would provide him with her license.

34.     Defendant Patrick maced Ms. Omeish, forced her out of her car, shoved her against the car, forced her to remove her jacket, and handcuffed her.  Defendant Patrick also separated Ms. Omeish from her cell phone—which he knew was recording the incident—and placed it far away from both of them in an attempt to prevent Ms. Omeish from recording the incident.

35.     This use of force was illegal and violated Ms. Omeish's constitutional rights as well as Fairfax County's own law enforcement policies.

36.     An internal investigation of Defendant Patrick's use of force against Ms. Omeish would later conclude that the officer's actions were "improper and in violation of departmental regulations." In a letter to Ms. Omeish outlining the results of this investigation, Chief of Police Edwin Roessler explained that she "did not pose any factual imminent threat of danger" to the officer. In fact, Mr. Roessler's review of the incident identified "at least 16 clearly stated offers of compliance to the officer…prior to his deploying OC spray on you." As a consequence of Defendant Patrick's violations, Mr. Roessler assured Ms. Omeish that "appropriate personnel actions have taken place," though those personnel actions remain unknown.

37.     After Defendant Patrick pepper sprayed Ms. Omeish and forcibly removed her from her vehicle, four additional officers arrived on the scene. Those officers continued

to force Ms. Omeish against her vehicle and aggressively searched her body.

38.     An officer demanded Ms. Omeish spread her legs and kicked Ms. Omeish's leg forcing her to lose her balance.

39.     When Ms. Omeish lost her balance, a male officer stomped on Ms. Omeish's foot and then placed his full weight on her leg.

40.     The other officers grabbed Ms. Omeish, slammed her against the car as they held various parts of her body in place, forcing Ms. Omeish into a position that was excruciatingly painful.

41.     Following the illegal excessive force and intrusive search, an ambulance arrived to treat Ms. Omeish and remove remnants of the pepper spray from her eyes.

42.     Officers then forced Ms. Omeish into a police car and proceeded to search her car and her belongings.

43.     Defendant Patrick, along with fellow officers, arrested Ms. Omeish and transported her to Fairfax County Adult Detention Center (ADC).

44.     Upon arrival, Sergeant Williams, and other agents of Defendant Kincaid, searched Ms. Omeish and Defendant Patrick commented, "what about that thing whatever it is on her head?"

45.     Later on, as Defendant Kincaid's agents processed Ms. Omeish, a county agent and Defendant Patrick instructed Ms. Omeish to stand in a square and ordered her to remove her hijab.

46.     Ms. Omeish explained the significance of her religious head covering and how removing it publicly would violate her faith. But the officers ignored her pleas. "You really don't have a choice," an officer stated.

47. A male officer ordered her to remove her hijab. "My wife is Muslim. I get it. But you have no choice."

48. Ms. Omeish began to sob and insisted that she be processed in a private place and by a female officer.

49. When Ms. Omeish finally met with a female officer, she again explained she could not remove her hijab and asked to keep it on.

50. The officer refused Ms. Omeish's request, and ordered her to remove her hijab, explaining that if she did not remove it, it would be removed against her will.

51. Reluctantly, involuntarily, and against her sincerely-held religious beliefs, Ms. Omeish unpinned her hijab and a female officer removed it from her head. As Ms. Omeish stood there without her hijab, she could see male detainees and male officers make eye contact her.

52. Ms. Omeish was sobbing and shaking, feeling humiliated and degraded by the stress of being forced to remove her hijab against her sincerely-held religious beliefs.

53. Defendant Kincaid, by and through her agents and in accordance with Defendant Kincaid's policies and practices, photographed Ms. Omeish without her hijab.

54. Defendant Kincaid, by and through her agents and in accordance with Defendant Kincaid's policies and practices, uploaded that picture to the Central Criminal Image System ("CCIS") owned and operated by Virginia State Policy ("VSP").

55. Ms. Omeish's image without her hijab is still available to law enforcement agencies as well to members of the public who request it.

56. The reason Defendant Kincaid photographed Ms. Omeish without hijab is because VSP has established requirements regarding all images of arrestees that local law

enforcement agencies in Virginia take and upload to CCIS. Many of those image requirements are technical and regard lighting, equipment, and background. However, though Virginia law does not mandate it, VSP has a practice and custom of requiring law enforcement agencies in Virginia to photograph arrestees without any head coverings, even when individuals are wearing such coverings for religious purposes.

57.     Shortly after photographing Ms. Omeish, Defendant Kincaid released Ms. Omeish. She would later plead no contest to two minor traffic infractions and paid a small fine.

58.     Defendant Kincaid and her employees and agents prohibited Ms. Omeish from wearing her religious headscarf pursuant to the Sheriff's Office custom, practice, and official policy. Instead, Defendant Kincaid forced Abrar to remove her hijab in full view of male officers and male detainees.

### Count I

### Violation of The Religious Land Use and Institutionalized Persons

### Act, 42 U.S.C. § 2000cc

59.     Plaintiff repeats and re-alleges the foregoing paragraphs, as though fully set forth herein.

60.     RLUIPA provides, in relevant part, that: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person- (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-

1(a)(1)-(2).

61.     Plaintiff is a "person" as defined under the RLUIPA.

62.     At all relevant times, Plaintiff was confined to an institution when the events transpired.

63.     Plaintiff's wearing of a hijab is a sincerely-held religious belief.

64.     At all relevant times, Defendants were covered under the term "Government" as defined under the RLUIPA. *See* 42 U.S.C. § 2000cc- 5(4)(A)(i)-(iii).

65.     At all relevant times, Fairfax County Adult Detention Center where the immediate events transpired, oversee by Defendant Kincaid, is a federally funded "institution" as defined under the RLUIPA (42 U.S.C. § 2000cc-1(a)).

66.     Defendant's acts or omissions, policies, and customs, while Plaintiff was confined by Defendant Kincaid substantially burdened her religious exercise of wearing hijab in mixed gendered spaces.

67.     Defendants' acts or omissions, policies, and customs, do not further a compelling government interest in identifying arrestees. A photograph of a person's face sufficiently identifies arrestees. For example, with regards to passports, the United States Department of State allows persons to wear religious head coverings in their passport pictures so long as their faces remain visible.

68.     Furthermore, other police departments—including the New York Police Department (NYPD)—allow Muslim women to maintain their hijab while being photographed.

69.     Defendants' acts or omissions, policies, and customs, are not the least restrictive means of furthering a compelling government interest. Defendant Kincaid could

have, but did not, provided Ms. Omeish with the opportunity to be photographed in a private room in the presence of only female officers. Defendant Kincaid could have, but did not, photograph Ms. Omeish with her hijab and retained the same ability to identify Ms. Omeish as they had from the picture taken without her hijab.

70.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained damages, and has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

71.     Plaintiff respectfully requests this Honorable Court to enter a judgment in favor of Plaintiff, and against Defendants, for damages in whatever amount Plaintiff is found to be entitled; preliminary injunctive relief followed by a permanent injunction; declaratory judgment; costs and attorneys' fees wrongfully incurred to bring this action; and any other damages, including punitive damages as provided by applicable law.

### Count II

**Violation of The First Amendment to the United States Constitution**

**(42 U.S.C. § 1983)**

72.     Plaintiff repeats and re-alleges the foregoing paragraphs, as though fully set forth herein.

73.     42 U.S.C. § 1983 provides:

> **Civil action for deprivation of rights:**
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not

be granted unless a declaratory decree was violated or declaratory relief was unavailable.

74.     Under the First Amendment, Plaintiff has the right to freely exercise her religion.

75.     42 U.S.C. § 1983 prohibits any person acting under color of state law, custom, or usage, to deprive a citizen of rights secured by the Constitution.

76.     Defendants, at all relevant times herein, were acting under color of state law.

77.     Defendants' deprived Plaintiff of her right to freely exercise her religion by depriving her of her hijab while she was in Defendants' custody. Defendants stripped Ms. Omeish of her hijab and photographed, even though photographing her without hijab did not further Defendants' interests in creating records by which Plaintiff could later be identified.

78.     As a direct and proximate result of Defendants' violation of 42 U.S.C. § 1983, Plaintiff has sustained damages, and has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

79.     Plaintiff respectfully requests this Honorable Court to enter a judgment in favor of Plaintiff, and against Defendants, for damages in whatever amount Plaintiff is found to be entitled; preliminary injunctive relief followed by a permanent injunction; declaratory judgment; costs and attorneys' fees wrongfully incurred to bring this action; and any other damages, including punitive damages as provided by applicable law.

## Count III

### Violation of the Fourth Amendment to the United States Constitution

### (42 U.S.C. § 1983)

80.     Plaintiff repeats and re-alleges the foregoing paragraphs, as though fully set forth herein.

81.     42 U.S.C. § 1983 provides:

**Civil action for deprivation of rights:**
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

82.     Under the Fourth Amendment, Plaintiff has the right to be free of unreasonable searches and seizures.

83.     Defendant Patrick's decision to pepper spray Ms. Omeish was not objectively reasonable. Defendant Patrick pulled Ms. Omeish's vehicle over because he believed she committed a minor traffic infraction: turning right at a red light.

84.     Ms. Omeish also never posed a threat to Defendant Patrick, never did anything that could be interpreted as posing a threat to Defendant Patrick, and repeatedly stated her willingness to comply with Defendant Patrick's request to provide him with her license and registration.

85.     Rather than pepper spray Ms. Omeish, Defendant Patrick could have allowed Plaintiff to provide him with her license and registration and issue her a traffic ticket.

86.     42 U.S.C. § 1983 prohibits any person acting under color of state law, custom, or usage, to deprive a citizen of rights secured by the Constitution.

87.     Defendants, at all relevant times herein, were acting under color of state law.

88.     Defendants' deprived Plaintiff of her right to be free of unreasonable searches and seizures. As a direct and proximate result of Defendants' violation of 42 U.S.C. § 1983,

Plaintiff has sustained damages, and has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

89.     Plaintiff respectfully requests this Honorable Court to enter a judgment in favor of Plaintiff, and against Defendants, for damages in whatever amount Plaintiff is found to be entitled; preliminary injunctive relief followed by a permanent injunction; declaratory judgment; costs and attorneys' fees wrongfully incurred to bring this action; and any other damages, including punitive damages as provided by applicable law.

## Prayer for Relief

90.     WHEREFORE, Plaintiff requests that this Honorable Court enter judgement in favor of Plaintiff and against Defendants, on each and every county in this Complaint, and enter an Order awarding the following relief:

    A.  An injunction ordering Fairfax County Police Department to implement a policy change prohibiting Defendants from taking booking photographs of Muslim women without their hijab;

    B.  An injunction ordering Defendants to destroy Plaintiff's booking photographs taken with her hijab;

    C.  An injunction ordering Defendants to take every step, including, but not limited to, instructing other persons or agencies given access to Plaintiff's booking photographs to destroy all copies of Plaintiff's booking photographs;

    D.  Issue judgment in Plaintiff's favor on all causes of action alleged herein pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the U.S. Constitution;

    E.  An award of compensatory and punitive damages under 42 U.S.C. § 1983;

F.  An award of attorneys' fees, costs and expenses predicated upon 42 U.S.C. §§ 1988 and 2000cc-2(d), which authorize the award of attorneys' fees and costs to prevailing parties, pursuant to 42 U.S.C. § 1983 and RLUIPA; and

G.  Any further relief to which Plaintiff is entitled or that this Honorable Court deems just and proper.

### Jury Demand

NOW COMES Plaintiff, by and through her undersigned counsel, and hereby demands a trial by jury of the above-referenced causes of action.

Respectfully submitted,

CAIR NATIONAL LEGAL DEFENSE FUND

By: s/ Lena Masri
Lena Masri (VA # 93291)
lmasri@cair.com
Gadeir Abbas (VA # 81161) α β
gabbas@cair.com
Justin Sadowsky
jsadowsky@cair.com

453 New Jersey Ave SE
Washington, DC 20003
Telephone: (202) 742-6420

*Attorneys for Plaintiffs*

β *Licensed in VA, not in DC. Practice limited to federal matters.*

Dated: January 12, 2020