IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ABRAR OMEISH,
    Plaintiff,

v.                                                    Civil No. 1:21cv35 (DJN)

STACEY ANN KINCAID, *et al.*,
    Defendants.

## FINAL MEMORANDUM ORDER
### (Adopting with Modification Report and Recommendation)

This matter comes before the Court on Defendant Stacey Ann Kincaid's ("Defendant") Objections to the Magistrate Judge's Report and Recommendation (ECF No. 181 ("Obj.")), objecting to the Report and Recommendation (ECF No. 180 ("R&R")) entered by Magistrate Judge Ivan D. Davis on July 25, 2024, which recommended that Defendant pay a portion of Plaintiff Abrar Omeish's ("Plaintiff") attorneys' fees. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendant's Objections (ECF No. 181). Accordingly, the Court ADOPTS WITH MODIFICATION the Report and Recommendation of the Magistrate Judge (ECF No. 180).

### I.     PROCEDURAL HISTORY

On August 7, 2024, Defendant filed her Objections, which objected to the Report and Recommendation on the ground that Magistrate Judge Davis made various errors. (Obj.) Defendant argues that Magistrate Judge Davis first erred by allowing Plaintiff to file a supplemental fee request. (*Id.* at 5.) Further, Defendant objects to Magistrate Judge Davis's final fee determination on several grounds: (1) that Plaintiff was not the prevailing party, (2) special circumstances apply to this case, (3) the hours expended were unreasonable, (4) the

requested rates are not aligned with prevailing market rates, (5) Magistrate Judge Davis failed to adequately reduce the fee award based on Plaintiff's level of success, and (6) the costs awarded were unreasonable. (*Id.* at 6–12.) On September 4, 2024, Plaintiff filed her Response to Defendant's Objections (ECF No. 184), arguing that Magistrate Judge Davis correctly determined that Plaintiff was the prevailing party and did not err in calculating the attorneys' fees and costs. (*Id.* at 2, 6.) Defendant did not file a reply brief, and the time to do so has elapsed, thereby rendering this matter ripe for review.

## II. STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Notably, if the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). The court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

### A. Objection to Supplemental Fee Request

The Court begins by addressing Defendant's argument that Magistrate Judge Davis erred by allowing Plaintiff to file a supplemental fee request (ECF No. 179), because the Report and Recommendation failed to find good cause for the extension. (Obj. at 5.) And because Magistrate Judge Davis then relied on the supplemental request, Defendant objects to the Report and Recommendation in its entirety. (*Id.*) The Court disagrees and thus OVERRULES Plaintiff's objection.

2

The Court finds that Magistrate Judge Davis did not err by allowing Plaintiff to file a supplemental fee request. Indeed, during the March 1, 2024 hearing, Magistrate Judge Davis ordered Plaintiff's counsel to file a supplemental fee request to align with the result of oral argument, and Defendant objected for the same reason that she raises here. (Hr'g Tr. at 38 ¶4.) Defendant's counsel then withdrew their objection once they understood that Plaintiff's adjustments would be downward. (*Id.* at 40.) Because Plaintiff filed a supplemental motion for attorneys' fees in compliance with the parties' agreement during the March 1, 2024 hearing, the Court rejects Defendant's objection.[1]

### B. Objection to Prevailing Party Determination

The Court likewise rejects Defendant's argument that Magistrate Judge Davis erred in finding that Plaintiff constitutes the prevailing party, because the Fourth Circuit vacated Plaintiff's award of summary judgment. (Obj. at 7–8.) In determining Plaintiff to be the prevailing party, the Court finds the Report and Recommendation well-reasoned and supported by the record and applicable law.

A party must prevail to seek attorney's fees under 42 U.S.C. § 1988 (b). *See Tex. State Teachers. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989) (holding that a "[p]revailing party [is] entitled to award of attorney's fees . . . at the conclusion of litigation") A plaintiff constitutes a prevailing party "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 113 (1992). As Magistrate

---

[1] In any event, the Court finds good cause for the extension, as Plaintiff updated her request with the "most current calculation of the hours for which she is seeking attorneys' fees." (R&R at 1). Allowing Plaintiff to update her request serves judicial economy, because it provided a more accurate starting point for Magistrate Judge Davis. And because it adjusted her fee request downward, it certainly did not prejudice Defendant.

3

Judge Davis explained, the Supreme Court, the Fourth Circuit, and this Court have provided additional guidance as to what constitutes a "material alteration of the legal relationship of the parties," and this includes injunctive relief that later became moot. *See Stinnie v. Holcomb*, 77 F.4th 200, 216 (4th Cir. 2023) (finding plaintiffs to be prevailing parties where an injunction provided plaintiffs "concrete, irreversible relief on the merits of her claim" and later became moot before final judgment). Here, Plaintiff remains the prevailing party, because the Fourth Circuit did not vacate the grant of summary judgement on substantive grounds.[2] *See Omeish v. Kincaid*, 86 F.4th 546, 554 (4th Cir. 2023) (ECF No. 157 at 13) (finding that "when a case is rendered moot on appeal," it remains "customary practice . . . to vacate the moot aspects of the lower court's judgment"). As a result, the Court adopts Magistrate Judge Davis's analysis and conclusion in finding that Plaintiff constitutes the prevailing party.

### C. Objection to No Special Circumstances

Next, Defendant contends that Magistrate Judge Davis erred in finding no special circumstances, because Plaintiff requested discovery "outside the scope" of the litigation and this was a "close case" requiring the Court to use its equity powers and deny attorneys' fees. (ECF No. 169 at 8–9.) However, Defendant has not demonstrated the applicability of any special

---

[2] On July 8, 2022, the Court granted summary judgement in favor of Plaintiff (ECF No. 111) and issued a permanent injunction requiring Defendant to destroy all booking photographs of Plaintiff without her hijab (ECF No. 114). Defendant then appealed this Court's Order granting summary judgement (ECF No. 122) and moved to stay the grant of injunctive relief (ECF No. 120), but this Court and the Fourth Circuit both denied Defendant's motion to stay. (ECF No. 132; ECF No. 157 at 13.) Defendant then complied with the injunction and destroyed the photographs. (*Id.*) Because Defendant destroyed the photographs, the issue raised on appeal became moot. (*Id.*) As a result, the Fourth Circuit dismissed Defendant's appeal as moot and remanded with instructions that this Court vacate its Order granting summary judgment in favor of Plaintiff and against Defendant. (ECF No. 157 at 13.) Plaintiff's grant of summary judgement was therefore vacated on procedural, not substantive, grounds, and does not impact her status as the prevailing party.

circumstance. First, the obdurate-conduct special circumstance originates from the Sixth Circuit, and the Fourth Circuit has not adopted it. And second, Defendant forwards another special circumstance based only on a dissenting opinion from the Sixth Circuit. *See id.* at 9 (quoting *Cleveland v. Ibrahim*, 121 F. App'x 88, 92 (6th Cir. 2005)). This Court declines to charter new ground inconsistent with existing Fourth Circuit precedent. As a result, the Court adopts Magistrate Judge Davis's analysis and conclusion on special circumstances in full.

### D. Objection to Attorneys' Fees

Defendant further contends that Magistrate Judge Davis erred in finding the attorneys' fees reasonable, because Plaintiff corrected her calculations in a supplemental request, the requested fees were not supported by evidence of prevailing market rates, the Court failed to consider Defendant's expert and fees were calculated using inflation conversions. (Obj. at 8–11.) The Court agrees in part and disagrees part, and thus GRANTS IN PART and OVERRULES IN PART Defendant's Objection to the Report and Recommendation.

The Court finds the objection to the supplemental request baseless for the reasons stated above. However, Defendant's objection regarding fees carries weight, and therefore, the Court will amend Magistrate Judge Davis's lodestar calculation.

The Fourth Circuit has endorsed a three-step procedure in determining the proper amount of attorneys' fees. First, the court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). To ascertain what constitutes reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *Id.* at 243–44. The Court must also consider whether an individual's rate qualifies as reasonable given the "prevailing

5

market rates in the relevant community," which is understood to be the community within the jurisdiction where the action is tried. *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994). In that regard, the Fourth Circuit has required that "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). Second, the Court must then "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Robinson*, 560 F.3d at 244. Third, the Court should award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* (internal citation and quotations omitted). Although these factors must guide the analysis, there proves no strict formula that the Court must follow. *See Trimper v. City of Norfolk Va.*, 846 F. Supp. 1295, 1303 (E.D. Va. 1994), *aff'd* 58 F.3d 68 (4th Cir. 1995); *In re Microstrategy, Inc.*, 172 F. Supp. 2d 778, 787 (E.D. Va. 2001) (recognizing that "arithmetic calculations aid the fee-setting process, but ultimately a trial court's judgment is centrally important and may trump the calculations"). Moreover, as repeatedly noted by the Fourth Circuit, "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Doe v. Chao*, 435 F.3d 492, 506 (4th Cir. 2006) (internal citation and quotations omitted).

### i. Reasonable Hours

For step one, the Court finds Magistrate Judge Davis's analysis and conclusions regarding the *Johnson* factors well-reasoned and aligned with Fourth Circuit precedent. (R&R at 14–17.) But the Court agrees with Defendant's objection regarding block billing. (ECF No. 169 at 14.) Specifically, the Court finds that attorneys Kimberly Noe-Lehenbauer and Gadeir I. Abbas engaged in block billing and vaguely described certain entries. (ECF Nos. 166-2, 166-5.)

As a result, the Court GRANTS Defendant's objection as to block billing and will decrease Abbas and Noe-Lehenbauer's requested hours by 10 percent. *See McAfee v. Boczar,* 738 F.3d 81 (4th Cir. 2013), *as amended* (Jan. 23, 2014) (noting the district court's reduction of 10 percent for block billing). After this reduction, the Court finds that Magistrate Judge Davis's calculations of hours expended on litigation were reasonable and therefore adopts the Report and Recommendation aside from this slight modification.

### ii. Reasonable Rates

Next, the Court provides additional analysis to the Report and Recommendation on the issue of reasonable rates. In establishing the reasonableness of a requested rate, "the burden is on the fee applicant to produce satisfactory evidence — in addition to the attorney's own affidavits — that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson,* 465 U.S. 886, 896 (1984). Despite this burden, Plaintiff has only presented the *Vienna Metro* Matrix as evidence of the prevailing market rates within Alexandria, Virginia. (ECF No. 166 at 3.)

This Court has accepted and applied the *Vienna Metro* Matrix in civil rights cases. *See, e.g., Rogers v. Virginia State Registrar,* 2020 WL 3246327, at *4 (E.D. Va. Jan. 23, 2020); *Burke v. Mattis,* 315 F. Supp. 3d 907 (E.D. Va. 2018); *Antekeier v. Lab. Corp. of Am.*, No. 1:17-cv-786, 2018 WL 5075509 (E.D. Va. Aug. 29, 2018). As a result, it is reasonable to use the *Vienna Metro* Matrix as the baseline for determining fees in this case. The *Vienna Metro* Matrix is as follows:

| Years or Experience | Paralegal | 1–3 | 4–7 | 8–10 | 11–19 |
|---|---|---|---|---|---|
| Hourly Rate | $130–350 | $250–435 | $350–600 | $465–610 | $520–770 |

*Vienna Metro LLC v. Pulte Home Corp.*, No:10-cv-0002 (E.D. Va. Aug. 24, 2011).

Further, considering both relevant precedent in this locality and Defendant's expert declaration (ECF No. 169-1), the Court GRANTS Defendant's objections and will adjust the Report and Recommendation's proposed rates. Although determining reasonable fees in a legal market is an "inherently problematic" task, market rates in the relevant community are to guide this inquiry. *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). After thorough review of decisions in the Alexandria Division of this District, the Court could not find support for Plaintiff's requested rates. Instead, the Court finds the bottom levels of the *Vienna Metro* Matrix to be appropriate. *See, e.g.*, *Wingate v. Fulford*, No. 1:18cv937 (AJT/IDD), 2022 WL 19918684, at *4 (E.D. Va. Oct. 1, 2022) (finding that $600 hourly rate constitutes the reasonable market rate for a civil rights attorney with 40+ years experience); *Rogers v. Virginia State Registrar*, 2020 WL 3246327 (E.D. Va. Jan. 23, 2020) (finding that $600 hourly rate constitutes the reasonable market rate for a civil rights attorney with 37 years experience); *Roe v. Howard*, No. 1:16-CV-562, 2020 WL 1325350, at *2 (E.D. Va. Mar. 20, 2020) (finding that $550 hourly rate for partners and of counsel and $350 hourly rate for associates was reasonable).

Starting with the baseline of the *Vienna Metro* Matrix and then considering the *Johnson* twelve-factor test that Magistrate Judge Davis evaluated in full (R&R at 15–17), the Court finds that the following rates — accounting for the above-discussed reduction for block billing — are reasonable in this case:

| Attorney | Years Experience | Hourly Rate | Hours | Attorneys' Fees |
|---|---|---|---|---|
| Justin Sadowsky | 16 | $600 | 248.72 | $149,232.00 |
| Lena Masri | 13 | $600 | 28.62 | $17,172.00 |
| Gadeir Abbas | 12 | $600 | 72.31 | $43,386.00 |
| Zanah Ghalawanji | 4 | $350 | 9.80 | $3,430.00 |
| Hannah Mullen | 4 | $350 | 23.40 | $8,190.00 |
| Kimberly Noe-Lehenbauer | Less than 1 year | $300 | 51.98 | $15,594.00 |
| Total | - | - | 455.46 | $237,004.00 |

Additionally, while Magistrate Judge Davis rightfully notes that the Court can adjust the *Vienna Metro* Matrix for inflation (R&R at 17), the Court declines to do so here.

### iii. Reduction for Unsuccessful Claims

For step two of the inquiry, the Court must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Robinson*, 560 F.3d at 244 (internal citation and quotations omitted). The Court finds Magistrate Judge Davis' analysis and adjustments on this point well-reasoned and supported by the record, and thus OVERRULES Defendant's objection. As a result, the Court adopts the Report and Recommendation's reductions for hours spent on unsuccessful claims in full. The chart above incorporates the further reductions that Magistrate Judge Davis made in the Report and Recommendation (R&R at 18–19).

### iv. Reduction for Overall Success

For step three, the Court should adjust a fee award based on Plaintiff's degree of success. This constitutes the most important step of this inquiry. *See Doe v. Chao*, 435 F.3d 492, 506 (4th Cir. 2006) (internal citation and quotations omitted) (finding that "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained"). Defendant contends that Magistrate Judge Davis failed to appropriately adjust the fee award here, because

Plaintiff should not have been allowed to amend their fee request, as her award of summary judgement was vacated and her success was "minimal." (Obj. at 12; ECF No. 169 at 18.) The Court disagrees in part and agrees in part, and thus OVERRULES IN PART and ACCEPTS IN PART Defendant's objections.

First, as discussed above, the amended fee request was proper. Second, Plaintiff's summary judgement award was vacated only on the grounds that Defendant had already complied with it, rendering the order moot. (ECF No. 157 at 13.) Third, while Defendant believes that Plaintiff's injunction was too limited to deserve an award of attorneys' fees, the Court disagrees. As the Supreme Court found, it is not "necessarily significant that a prevailing plaintiff did not receive all the relief requested . . . . [A] plaintiff who failed to recover damages but obtained injunctive relief, or vice versa, may recover a fee award based on all hours reasonably expended if the relief obtained justified that expenditure of attorney time." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). And the hours expended towards Plaintiff's relief were justified, because Defendant violated Plaintiff's sincerely held religious beliefs and her attorneys worked to vindicate that violation. (ECF No. 113 at 17.) But Defendant correctly notes that Plaintiff prevailed on only a portion of the litigation. (ECF No. 169 at 18); *see also Hensley*, 461 U.S. at 439–40 (requiring a court to reduce the award if "the relief, however significant, is limited in comparison to the scope of the litigation as a whole") As a result, the Court will reduce Plaintiff's award by an additional 20 percent. Thus, the Court modifies the Report and Recommendation's analysis on reductions for Plaintiff's level of success.

### E. Objection to Costs

Finally, Defendant contends that Magistrate Judge Davis erred in his determination of costs, because Plaintiff's attorneys traveled from out of state while also receiving the Alexandria

market rate. (Obj. at 9.) The Court disagrees and thus OVERRULES Plaintiff's objection. The Court finds that Magistrate Judge Davis did not err in calculating Plaintiff's costs. As Magistrate Judge Davis noted, the costs were reasonable and well documented. (R&R at 20.) As a result, the Court adopts the Report and Recommendation's costs calculation of $2,010.44. In total, the Court hereby GRANTS Plaintiff $189,603.20 in in attorneys' fees and $2,010.44 in costs, for a total award of $191,613.64.[3]

---

[3]  Plaintiff also seeks an additional fee-for-fee award of $9,181.96. (ECF No. 184 at 10.) The Court DENIES that request.

## IV. CONCLUSION

Having reviewed the record *de novo*, the Court finds that Magistrate Judge Davis' Report and Recommendation was well reasoned, but in need of modification  Accordingly, the Court hereby ORDERS that:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 180) is ADOPTED AS MODIFIED in accordance with this Memorandum Order;

2. Plaintiff's Motion for Attorneys' Fees (ECF No. 166) is hereby GRANTED IN PART and DENIED IN PART;

3. Plaintiff's Supplemental Motion for Attorneys' Fees (ECF No. 179) is hereby GRANTED IN PART and DENIED IN PART;

4. Defendant's Objections (ECF No. 181) are hereby GRANTED IN PART and DENIED IN PART;

5. This case is now CLOSED.

Let the Clerk file this Memorandum Order electronically and notify all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Alexandria, Virginia
Date: September 30, 2024